IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In the Matter of Petit Jury Service of<br><br>MICHAEL L. HOELSCHER,<br><br>*Respondent*. | Case No. 15-mc-111<br><br>**MOTION BY RESPONDENT TO VACATE ORDER TO SHOW CAUSE** |

Respondent moves the Court to vacate the order entered June 17, 2015, commanding him to appear and show cause why he should not be punished for his failure to appear on June 15, 2015, for jury service in the United States District Court for the District of Kansas. Judge Hoelscher is barred by law from serving on a federal jury pursuant to both 28 U.S.C. § 1863(b)(6) and D. Kan. Local Rule 83.1(i)(2)(C).

**Memorandum**

Judge Hoelscher indeed did receive the summons identified in the Order to Show Cause. Being unaware of 28 U.S.C. § 1863(b)(6) and D. Kan. Local Rule 83.1(i)(2)(C), Judge Hoelscher attempted to comply with the summons. He filled out the form accompanying the summons and mailed it to the jury clerk, who also seems to be unfamiliar with 28 U.S.C. § 1863(b)(6) and D. Kan. Local Rule 83.1(i)(2)(C).

Judge Hoelscher then did his very best to comply with the summons as detailed in the attached email he prepared to send to Marleen Van Ravenswaay until he engaged me this morning to represent him in connection with the show cause order. When Judge Hoelscher explained the summons and his attempt to comply and then showed me the show cause order, I was stunned.

The Court on June 17, 2015, issued an order to District Judge Michael L. Hoelscher, a sitting judge of the Judicial District for the 18th District of Kansas, to appear on July 1, 2015, before the Court and show good cause for his failure to appear for jury service after having been summoned to do so on April 23, 2015. Not realizing that he is barred by law from serving on a federal jury, Judge Hoelsher engaged me this morning to represent him on the show cause order. I immediately informed him that sitting state court judges are barred from sitting on federal juries by federal statute and the jury plan for the District of Kansas, not to mention the United States Constitution.

D. Kan. Local Rule 83.1(i)(2)(C) states:

> (i) Disqualification or Exemption from Jury Service. Pursuant to 28 U.S.C. § 1865(a), the chief judge or clerk of this court under the supervision of the court, or, in his or her absence, any other district court judge, shall determine whether a prospective grand or petit juror is unqualified for, or exempt, or to be excused from jury service. The judge or clerk will make the determination from information provided on the juror qualification form and other competent evidence. The clerk shall enter such determination in the space provided on the juror qualification form or in the juror records in the database from a divisional master jury wheel.
>
> . . .
>
> (2) Exemption. Pursuant to 28 U.S.C. § 1863(b), the following persons shall be exempt from jury service: . . .
>
> **(C) public officers in the executive, legislative, or judicial branches of the government of the United States, or any state, district, territory or possession or subdivision thereof, who are actively engaged in the performance of official duties.**

18 U.S.C. § 1863(b) establishes specific requirements for the random jury selection

plan to be adopted by all federal judicial districts. Subsection 1863(b)(6)(C) states:

> (b) Among other things, such plan shall--
> . . .
> **(6) specify that the following persons are barred from jury service on the ground that they are exempt: . . . (C) public officers in the executive, legislative, or judicial branches of the Government of the United States, or of any State, the District of Columbia, any territory or possession of the United States, or any subdivision of a State, the District of Columbia, or such territory or possession, who are actively engaged in the performance of official duties.**

And, indeed, D. Kan. Local Rule 83.1(i)(2)(C) complies with the federal statute. It appears that both 18 U.S.C. § 1863(b)(6) and D. Kan. Local R. 83.1(i)(2)(C) are unfamiliar to the staff of the federal Jury Administrator in the District of Kansas. By the way, the same information can be found on the Internet at the site for the United States Courts regarding jury service:

## Juror Qualifications

## To be legally qualified for jury service, an individual must:

- be a United States citizen;

- be at least 18 years of age;

- reside primarily in the judicial district for one year;

- be adequately proficient in English to satisfactorily complete the juror qualification form;

- have no disqualifying mental or physical condition;

- not currently be subject to felony charges punishable by imprisonment for more than one year; and

- never have been convicted of a felony (unless civil rights have been legally restored)

- 3 -

## There are three groups that are exempt from federal jury service:

- members of the armed forces on active duty;

- members of professional fire and police departments; and

- "public officers" of federal, state or local governments, who are actively engaged full-time in the performance of public duties.

Persons employed on a full-time basis in any of these categories are barred from serving on federal juries, even if they desire to do so.

See www.uscourts.gov/services-forms/jury-service/juror-qualifications.  Even if Judge Hoelscher wanted to serve on a federal jury, and he sure tried to comply with the jury summons, he is <u>barred</u> from serving on a federal jury.

Unless there is some evidence wholly unknown to me and Judge Hoelscher that he is not a public officer in the judicial branch of the State of Kansas, he has more than sufficient good cause to have not appeared for federal jury service even though he too was not familiar with the controlling statute and local rule.  If the Court has some doubt about Judge Hoelshcher's status as a state district court judge actively engaged in the performance of his official duties, I am confident that can be resolved quickly.

                                                      JOSEPH, HOLLANDER & CRAFT LLC
*Attorneys for Respondent*
By;   /s/  Stephen M. Joseph (7452)
500 N. Market St.
Wichita, KS 67214-3514
Tel: (316) 262-9393
Email: sjoseph@josephhollander.com

Marleen Van Ravenswaay
Asst. Jury Administrator
204 U.S. Courthouse
401 N. Market
Wichita, KS 67202

Email: wjury@ksd.uscourts.gov
cc: ksd_melgren_chambers@ksd.uscourts.gov


Ms. Van Ravenswaay:

    I received the message you left with my aide last week and I have also received two copies of the Order to Show Cause that were mailed to my house. Pursuant to the Order to Show Cause I will be at Room 408 on July 1, 2015, at 9:30AM. I am sending this response based upon the voicemail you left on my cell phone the moring of June 16 requesting that I send you a detailed email explaining why I did not appear for jury service on June 15. I sincerely apologize for any confusion that has occurred.

    Below is a chonological listing of my phone contacts related to the summons I received for jury service. Please note that I based the times for the calls placed from my offce upon phone records provided to me by Sedgwick County. I suspect the time stamp on those calls is actually is one hour earlier than when they occurred. I believe this because I am not normally in the office at 7AM. There may be more phone contacts, but these are the only calls I can document at this time:

May 26 – 7:05AM from office
May 26 – 7:08AM from office
June 1 – 7:12AM from office
June 1 – 7:13AM from office
June 1 – 9:24PM from cell
June 1 – 9:26PM from cell
June 8 – 7:36AM from office
June 8 – 5:45PM from cell
June 8 – 8:59PM from cell
June 8 – 9:00PM from cell
June 15 – 7:11AM from office
June 15 – 3:15PM from office – to Marlene – left voicemail
June 15 – 6:04PM from cell
June 16 – 7:04AM from office
June 16 – 8:13AM from office – to Marlene – left voicemail
June 16 – 9:20AM received on cell - voicemail from Marlene
June 16 – 9:56AM from cell – to Marlene

June 16 – 10:07AM from cell – to Marlene

    To the best of my recollection, my actions regarding my summons for jury duty are as follows:

    I received a summons for jury service from United States District Court from June 1, 2015 through July 3, 2015. Per the instructions I was to call the automated system each week to see if I would be needed.

    I called (800) 959-9519 on May 26, 2015 on two separate occasions and I was eventually told I was not needed and I should call back the following week.

    I called (800) 959-9519 on four separate occasions on June 1, 2015, and I was eventually told I was not needed and I should call back the following week.

    I called (800) 959-9519 on four separate occasions on June 8, 2015, and I was eventually told that I needed to report as a juror on June 15, 2015, but that I should check back for last minute instructions after 6PM, Friday, June 12.

    Sedgwick County phone records show that I called (800) 959-9519 from my office phone at 7:11AM on June 15. My recollection is that I received a message saying the system was being updated and I should call again after 6PM. I took that to mean that I did not need to report. Apparently that was an error and I apologize for that.

    Sedgwick County phone records show that I called your office, at (316) 315-4218, from my office phone at 3:15PM on June 15. I left you a voicemail at that time asking about having my jury service service moved to a later date because I was scheduled to be in Kansas City at a conference later in the week.

    In response to the message I received from the automated system earlier that morning, I called (800) 959-9519 from my cell phone at 6:04PM on June 15. My recollection is that the message told me I needed to contact the jury clerk.

    Sedgwick County phone records show that I called the automated system again on the morning of June 16, 2015 at 7:04AM. I believe I was again instructed to call the jury clerk and that the phone call actually occurred at 8:04AM.

    I had received no response from the voicemail I left for you on June 15 so I called your office again on the morning of June 16 and left a

second voicemail. The time stamp on the call shows 8:13AM but I believe the actual time of the call was 9:13AM and my recollection is that I asked you to return my call.

In response to my messages you left me the following voicemail at 9:20AM:

> Hi Mr. Hoelscher, this is Marlene from the Federal Court. I apologize I'm just now returning your call. We had jurors here yesterday so I wasn't able to get to my voicemail. I do show that you were scheduled to report for a jury trial in our Court yesterday at twelve noon and that you missed that reporting date. That was a trial before our Judge Melgren and he has asked that all jurors who failed to report now report at the trial scheduled next week before a show cause order is filed, and so we definitely want to give you an opportunity to fulfill the service. If you can please call me at (316) 315-4218 if you have questions. *But what we really need is an email explaining why you failed to report to the trial yesterday* and a verification you will be at our jury trial next week Wednesday at 9AM in our court. So send me that written explanation and give me a call to verify that you have everything you need to be here next week. Thank you so much. Bye bye.

As soon as I received your voicemail I called your office to speak with you at 9:56AM. On that occasion my call went to voicemail. Instead of leaving a voicemail I called back at 10:07AM and I was able to speak with you. At that time I tried to explain why I did not believe I was supposed to report for jury duty the previous day.

Apparently this situation was my fault and for that I apologize. However, I was acting in good faith and I made every effort to comply with the directions from the automated system. I did not think I was supposed to report for jury duty on June 15, 2015, and I sincerely apologize for any confusion on my part. Please respond to this email to confirm you received it.

Thank you,

Mike Hoelscher